THE STATE *ex rel.* CARTER, *Collector, Appellant,* v. HAMILTON *et al.*

1.  **Back City Taxes :** PARTY TO SUE. The city collector of a city of over five thousand inhabitants is the proper person, under Revised Statutes, sections 6833, 6837, and 6845, to bring suit in the name of the state, to his use, for back taxes.

2.  ———: DELIVERY OF BACK-TAX BOOK TO COLLECTOR. Whether the back-tax book must be delivered to the city collector before he can maintain suit for the taxes undecided, the judges sitting being evenly divided on the question.

3.  ———. The fact that the city had previously paid the judgments against it, for which the taxes sued for were levied, constituted no defence to a recovery of the taxes.

*Appeal from Buchanan Circuit Court.*—HON. JOSEPH P. GRUBB, Judge.

REVERSED AND REMANDED.

*James Limbird* and *S. P. Huston* for appellant.

(1) The suit was properly brought in the name of the state to the use of the collector of the city. R. S., secs. 6833, 6837 ; *State ex rel. v. Shepherd,* 74 Mo. 310 ; *State ex rel. v. Van Avery,* 75 Mo. 530. (2) These taxes sued for were assessed and became delinquent, and

this suit was instituted before the city of St. Joseph organized as a statutory city of the second class, and the lien and the method of its enforcement are solely referable to the act of 1879, *supra*, and by that act the tax bill was made *prima-facie* evidence. R. S., 1879, sec. 6837 ; *State ex rel. v. Richardson*, 77 Mo. 589 ; *State ex rel. v. Schooley*, 84 Mo. 447. It was admitted that H. C. Carter was the city collector, and that his signature to the tax bill was genuine. (3) The fact that the judgments were paid before the tax levies were made is no defence to this action.

*Strong & Mosman*, *H. K. White* and *Ramey & Brown* for respondents.

(1) The court did not err in overruling appellant's application for a change of venue, and the exception taken thereto will be disregarded in this court. *State. v. Burns*, 54 Mo. 247 ; Supreme Court Rules, No. 18. (2) The action should have been brought upon the relation of the collector of Buchanan county, Missouri, not upon the relation of the city collector. Charter of City of St. Joseph ; Laws of 1872, pp. 118, 119 ; Laws of 1877, pp. 384–389 ; Laws of 1879, pp. 187–191 ; R. S., ch. 145, art. 6. (3) The judgment below was for the right party, as relator failed to prove the issue and delivery to him of the back-tax books. R. S., 1879, secs. 6834–6837 ; *State ex rel. v. Richardson*, 77 Mo. 589 ; *Wellshear v. Kelly*, 69 Mo. 343 ; *State ex rel. v. Davis*, 79 Mo. 285 ; *Warrensburg v. Metler*, 77 Mo. 56 ; *Haegele v. Mallinckrodt*, 41 Mo. 577 ; *Ess v. Bouton*, 64 Mo. 104. (4) The satisfaction of the judgments upon which *mandamus* levies had been made, prevents the collection of the taxes levied to pay such judgments. R. S., 1879, secs. 1331, 5392 ; *Findley v. McAllister*, 113 U. S. 104 ; *Durette v. Briggs*, 47 Mo. 304 ; *McClure v. Logan*, 59 Mo. 224.

SHERWOOD, J.—This is an action for the collection of back taxes, alleged to be due the city of St. Joseph. For the most part, the taxes sought to be collected were levied for the alleged purpose of satisfying certain judgments, rendered against the city of St. Joseph, the levies being made to satisfy such judgments. The answer of the defendants was as follows: "Now come said defendants, and for amended answer to the second amended petition herein, admit that they are now, and were at the time stated in the petition, owners of the real estate therein mentioned. They aver that they did, on February 8, 1881, pay to the city of St. Joseph the general administration tax alleged by plaintiff to be due for the year 1880, on lot one, in block (40) forty, of the original town of St. Joseph, Missouri. They aver that H. C. Carter, city collector of the city of St. Joseph, is not the proper person in whose behalf this suit should be maintained, but aver that it should be prosecuted in the name of Tandy Trice, who was, when this suit was commenced, and is now, collector of Buchanan county, Missouri. They aver that all of the alleged judgments mentioned in the petition were, long prior to the institution of this suit, fully paid. They aver that none of the taxes alleged to have been levied for water-fund taxes, were levied to pay for expenses incurred by the city of St. Joseph, Missouri, for waterworks erected and maintained by it, or for payment of principal and interest of bonds, issued by the city of St. Joseph, Missouri, to pay for the erection and maintenance of waterworks owned by the city of St. Joseph, Missouri, or in which said city, as such, had any interest whatever. They deny each and every other allegation of the second amended petition not herein admitted. And they ask to be dismissed with costs." The reply of plaintiff was in effect a general denial.

When the trial took place the following admissions

were made : It was admitted by the defendants that the city of St. Joseph was, and is, a municipal incorporation as alleged in the petition ; that it has had, and now has, as stated in the petition, over five thousand inhabitants, and that it is organized under the general law of the state, as a city of the second class, as alleged in the petition, and that Henry C. Carter, to whose use this suit is prosecuted, is, and has been, collector of said city of St. Joseph, as stated in the petition, and that his signature to the tax bills attached to the petition is genuine. It was also admitted by the plaintiff, that the general administration tax for the year 1880, was paid upon lot one (1) in block forty (40) by the defendants. It was also admitted that the tax alleged to have been levied for water purposes, was levied to pay liabilities incurred in favor of the St. Joseph Water Company, a corporation organized under the statutes of the state of Missouri, in which the city of St. Joseph had no interest as a stockholder, and that the said city of St. Joseph had not issued any bonds for the purpose of furnishing water supply to the city of St. Joseph, and that the liability accrued under the ordinance found on page 357 of the revised ordinances of 1880. It was also admitted, that the judgments mentioned in the petition were paid off prior to the commencement of this suit, partially by moneys collected under the levies alleged in the petition and partially by funding bonds or moneys received from the sale of renewal or funding bonds for the payment of interest, upon which levies are alleged to have been made. It was also admitted, that Tandy Trice was, at the commencement of this suit, and is yet, the county collector of Buchanan county, Missouri.

Thereupon the plaintiff offered in evidence a tax bill attached to his petition in evidence, it being stipulated that the other tax bills were in similar form. The tax bill thus offered was as follows :

The State ex rel. Carter v. Hamilton.

BACK-TAX BILL.

State of Missouri, }
County of Buchanan, } ss.

I, Henry C. Carter, collector of the revenue within and for the city of St. Joseph, in the county of Buchanan, in the state of Missouri, do hereby certify that the following amounts of back taxes remain delinquent in favor of the several funds for the several years, and on the real estate lying and being in said city, county and state, set opposite thereto, to-wit:

| Name of Owner. | Lot. | Block. | Addition. | Year for which taxes are due. | Valuation | General Administration Purposes. | Special Taxes. | Judgments. | Lighting Streets with Gas. | Sewers. | Water. | Special Int., Ord. 516. | Sinking Fund. | Fund'g Tax Ord. 516. | Remarks. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| J. L. & E. W. HAMILTON. | 1 | 40 | Original Town | 1880 | 17,000 | 85 00 | 3 40 | 153 00 | 17 00 | 34 00 | 17 00 | | | | 309 40 |
| | 1 | 40 | " | 1881 | 17,000 | 170 00 | 17 00 | 170 00 | 17 00 | 34 00 | 34 00 | 1 70 | | | 358 70 |
| | 1 | 40 | " | 1882 | 17,000 | 85 00 | 17 00 | 160 65 | 17 00 | 34 00 | 34 00 | 1 70 | | | 349 35 |
| | 1 | 40 | " | 1883 | 17,000 | 85 00 | | 15 30 | 17 00 | 34 00 | 34 00 | | 34 00 | 1 70 | 221 00 |

Total amount of taxes for all the years................................1,288 45

In witness whereof, I hereunto set my hand, at the city of St. Joseph, in said county and state, this twentieth day of April, 1885.        H. C. CARTER,

Collector of the Revenue within and for the city of St. Joseph in the County of Buchanan, Mo,

It was thereupon further admitted, that the said tax bills so offered in evidence were a copy, so far as they went, of the books in court, entitled, "back-tax books of the city of St. Joseph, for 1883, and prior years." The defendant thereupon objected to the reading in evidence of said back-tax bill for the following reasons: (1) Because it is not such an authenticated tax bill as the statute has in mind. (2) Because it nowhere appears from this certificate that the collector has a warrant in his hands to bring this suit; there is no allegation in the bills offered in evidence of the existence of such warrant; there is no allegation of anything more than delinquency, and delinquency, no matter how long continued, gives no right to bring this suit without a warrant in the hands of the collector. It does not purport to be a copy of any book. The court thereupon overruled said objections, and said tax bills were read in evidence. The plaintiff thereupon rested.

The defendant thereupon asked the court in writing to declare the law of the case as follows: "The court sitting as a jury declares that, under the pleadings and the evidence, this plaintiff cannot recover." Which declaration of law the court, against plaintiff's objection, gave, and to the action of the court, in giving said declaration of law, the plaintiff at the time excepted. The plaintiff thereupon took a non-suit with leave to move to set the same aside. Afterwards, upon motion made for that purpose, the court refused to set aside the non-suit; hence this appeal.

I. Under the provisions of Revised Statutes, sections 6833, 6834, 6835, 6836, 6837, 6845, the collector of the city was the proper party to institute suit in the name of the state to his use; consequently, the position of the defendants, on the point that the collector of the county should have brought this suit, is untenable.

II. But in order that the city collector should be

empowered to maintain the present action, it was absolutely necessary that the " back-tax book" should have been delivered to him. R. S., secs, 6834, 6845. In this instance no evidence of such delivery was introduced. The omission of such evidence, therefore, brings this case within the principle announced in the following cases : *Ewart. v. Davis*, 76 Mo. 129 ; *Warrensburg ex rel. v. Miller*, 77 Mo. 56 ; *Howard v. Heck*, 88 Mo. 456. The "back-tax book" was the warrant of authority under which the collector alone could act, but of his possession of such a book he made neither profert nor proof. The trial court was, therefore, correct in giving the instruction in the nature of a demurrer to the evidence. The case of *State ex rel. v. Richardson*, 77 Mo. 589, is wholly unlike this one, for two reasons : First, no objection was taken to the tax bill offered and read in evidence, and second, no point was made in that case about the non-delivery to the collector of his warrant or "back-tax book." On this paragraph, we are evenly divided in opinion, and, therefore, decline to make, because we cannot make, any ruling upon the point discussed therein. And we do this the more willingly, in order that this cause may not remain in this court undetermined, and because it is evident that the trial court non-suited the plaintiff upon the grounds mentioned in other paragraphs of this opinion, in which, as we are all agreed, that court erred.

III. The judgments in question, having been rendered in suits against the city, peremptory writs of *mandamus* issued from the courts in which such judgments were rendered, commanding the mayor and city council to levy and collect a special tax sufficient to pay such judgments ; and this action is brought to collect the amount of the taxes levied on the property of the defendants. We are of the opinion that the satisfaction of the judgments, in the way mentioned, constitutes no bar to the present action. We hold that the payment

by the city of the judgments rendered against it did not exonerate the defendants from bearing and discharging their share of the public burden, to-wit, the payment of the taxes due by them; that *their* debt due the city was not discharged or in any manner affected by reason of the fact that the city had previously paid *its* debt to its creditors, and that such payment was something with which the defendants have no manner of concern. If the judgments satisfied had been rendered against the *defendants* a different question might be presented, one not necessary to be now considered; but in the circumstances already related, the satisfaction of the judgment by the city must be regarded, as towards these defendants, *res inter alios.*

The judgment is reversed and the cause remanded, in which all concur, as above stated, except Ray, J., absent.