THE CITY OF KANSAS CITY ex rel. ROBERT S. ELLIOTT, Appellant, v. ALBERT E. HOLMES et al., Respondents.

Kansas City Court of Appeals, December 2, 1907.

1. TAXATION: Irregular Assessment: Agreement: Estoppel. Though the valuation of property and the extension of taxes thereof are irregular, yet if it is fixed by the agreement of the taxpayer. he cannot be heard to question the validity of the assessment.

2. ———: ———: Payment: Illegal: Duress. Though the assessment be irregular, yet if the taxes paid on the property represent the amount for which it is duly liable, the money cannot be recovered back, nor can it, though the taxes be irregular, unless paid under duress.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover*, Judge.

AFFIRMED.

*C. B. Leavel* and *Ed. E. Aleshire* for appellant.

(1) A tax book altered by the collector by the addition of an item of taxes, not on it, when the book came into his hands, is void, as to that item and will not protect him in forcing its collection. Higgins v. Ansmus, 77 Mo. 351; Fowler v. St. Joseph, 37 Mo. 237-8; Kansas City v. Railroad, 81 Mo. 294; Adams v. Lewellen, 117 Mo. App. 319. (2) Collector has no right to proceed

under an illegal assessment. Kansas City v. Railway, 81 Mo. 294; Nall v. Morgan, 82 Mo. App. 112; State ex rel. v. Cook, 82 Mo. 185; State ex rel. v. Phillips, 102 Mo. 664; State ex rel. v. Carr, 178 Mo. 234. (3) Plaintiff tendered the payment of the tax for the year 1904, and nothing further was required of him. Harness v. Cravens, 126 Mo. 254.

*Cook & Gossett* for respondents.

(1) The testimony being conflicting as to whether or not appellant requested that the omitted assessment valuation be put upon the tax books, the finding and judgment of the lower court cannot be disturbed. (2) An owner of property can consent or agree to an irregular assessment. State ex rel. v. Stamm, 165 Mo. 81. (3) The tax being just the appellant not complaining of the amount of the tax and merely as to the irregularity of putting on the assessment, such putting on the assessment being at his request as found by the court he should have paid the same and his alleged protest said to have been made at the time of payment was unavailing. State ex rel. v. Stamm, 165 Mo. 73; Rubey v. Shain, 54 Mo. 207; State ex rel. v. Railroad, 165 Mo. 611; Robins v. Latham, 134 Mo. 473; Crouch v. Kansas City, 127 Mo. 436; Christy v. City, 20 Mo. 143; Walker v. City, 15 Mo. 563; County v. Lewis, 10 Mo. 650.

BROADDUS, P. J.—This is a suit against defendant Albert E. Holmes and the securities on his official bond as treasurer of Kansas City, Missouri. Plaintiff's amended petition alleges that, in the year 1904, he was the owner of certain real estate situated in said city; that during the months of May, June, July and August of said year he applied at defendant's office and requested and demanded to be allowed to pay the taxes on said land for said year; that he was told by defendant Holmes that a description of the land did not appear on the land books in his office, and that the same had not been

assessed for that year, and that he was unable to tell him what the amount of the taxes was. And further that in the month of August aforesaid he demanded to know of defendant Holmes if he had located the error with regard to the taxes on the land and was informed by defendant that the land had just been placed upon the books in his office, but no valuation had been placed thereon, but instead there was a notation to the effect that it had been washed into the Missouri river, whereupon plaintiff informed him that such was not the case and demanded to know the amount of his taxes and made tender of amount sufficient to pay the same, which was refused by defendant for the reason that there was no valuation of the land. That defendant treasurer thereafter without the knowledge and consent of plaintiff put a valuation on said property of $600 and had it sold for the taxes assessed on such valuation, and that thereafter he was obliged to redeem his land from said wrongful sale by paying $15.56, which he paid under protest. Plaintiff asks judgment for the amount thus paid and $100 attorneys fee.

The evidence was to the effect that plaintiff was the owner of the land in the year 1904, and that his deed was on record; that in August and September of that year he applied at the treasurer's office to pay his taxes, where he was told that the land was not listed upon the tax books of the office of defendant. After search being made a description of the same was found on the books, but not its valuation, but instead there was a notation that it had been washed into the Missouri river; that thereupon plaintiff informed defendant that such was not the case; that thereafter defendant caused a valuation of $600 to be put upon the land, and without plaintiff's knowledge in November of that year caused the same to be sold for the taxes; and that plaintiff was compelled to pay $15.56 to redeem it from the purchaser. It appeared that the plaintiff's different interviews at

the treasurer's office were not with defendant Holmes but with his deputy D. S. Russell. Russell who was a witness corroborates the plaintiff as to the fact that there was a notation on the land tax book that it had been washed into the river, but he further states that, plaintiff reqested him to have a valuation put upon it, and that this was done at the auditor's office. It was shown by an employee in the auditor's office that the land in question was put on the tax books, by authority of that office upon request, which was a common practice where parties wanted to pay their taxes in such cases. The defendant introduced as evidence plaintiff's original petition wherein he alleged that the defendant treasurer agreed to have the omitted valuation placed upon the land by the auditor.

The cause was submitted to the court. The finding and judgment were for defendants, from which plaintiff appealed. There were no declarations of law asked or given, consequently we are not in a position to know upon what theory of the law the court based its decision. There was no conflict in the testimony except in one particular and that was as to whether the plaintiff requested Russell the deputy in the treasurer's office to have a valuation placed upon his land, so that he might be enabled to pay the taxes thereon. We take it for granted that the finding on that issue was in favor of defendants. Such being the case the question for decision is merely one of law.

Defendants admit that the valuation placed upon plaintiff's property and taxes extended on the land tax book was irregular, not being in compliance with the law regulating assessment of real property which have been omitted from assessment. [Section 9177, R. S. 1899.] But it is claimed that the assessment in question was valid because it was made at the request of plaintiff. In State ex rel. v. Stamm, 165 Mo. 73, we have a precedent where the owner after having placed a val-

ue on all his personal property except stock in a building and loan association, requested the assessor to get from the secretary of the association the value of such stock. This the assessor did and made the assessment accordingly. The taxes became delinquent and suit was instituted to compel their collection. The defendant set up the defense that, the assessment on said stock was invalid, not being in compliance with the Statute. It was held, that, "the valuation having been arrived at in accordance with the agreement the defendant ought not to be heard to question the validity of the assessment on the ground that he himself did not place any on the stock, or for the reason that after delivering the list he did not receive any notice of the valuation fixed by the assessor."

We think the principle of that case should govern this also. And furthermore the taxes were just. When plaintiff paid the money to redeem his land he was paying that for which his land was liable. We assert the proposition that, whereas a taxpayer cannot be compelled to pay taxes irregularly assessed against his property, yet if he does pay them under such a condition and the sum paid represents the amount for which his property is justly liable he cannot recover it. It has even been held that where a taxpayer pays taxes that are illegal he cannot recover them back unless he paid them under duress. [Robins v. Latham, 134 Mo. 466; Wolfe v. Marshal, 52 Mo. 167; State ex rel. v. Railroad, 165 Mo. 597.] The judgment of the circuit court is affirmed. All concur.