Couch, *Appellant*, v. Kansas City.

Division One, March 12, 1895.

Taxes: VOLUNTARY PAYMENT: RECOVERY.  Where the extension of the limits of a city are void, because of the unconstitutionality of the act authorizing it, taxes voluntarily paid to the city by the owners of property taken into its limits by the extension, being paid under a mistake of law, can not be recovered.

*Appeal from Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*C. O. Tichenor* for appellant.

(1) Where money is paid through a mistake of fact, or even by a mistake of law mixed with a mistake of fact, the one so paying can recover. *Snell v. Ins. Co.*, 98 U. S. 92; *Swift Co. v. U. S.*, 111 U. S. 30; *Colton v. Lewis*, 119 Ind. 183; *Panic v. Upton*, 87 N. Y. 327; *Powell v. Board*, 46 Wis. 213; *Corrigan v. Tiernay*, 100 Mo. 280; *Kelly v. Solari*, 9 Mees & W. 54; *Louisiana v. Wood*, 102 U. S. 298. (2) The taxes in question were absolutely void because the city had no jurisdiction of the land taxed. *Wells v. City*, 22 Mo. 384; *Cameron v. Stephenson*, 69 Mo. 378; *City v. Anderson*, 79 Ky. 334; *City v. McAvery*, 86 Ind. 587.

*F. F. Rozzelle* and *F. P. Walsh* for respondent.

(1) The taxes paid and sought to be recovered in this action were illegal solely because the extension was illegal; they were voluntarily paid and can not be recovered back. Cooley on Taxation [2 Ed.], 809; *City v. Ackerman*, 46 Ind. 552; *Campbell v. Clark*, 44 Mo. App. 249; *Schell City v. Mfg. Co.*, 39 Mo. App. 264; *Walker v. St. Louis*, 15 Mo. 563; *Christy v. St. Louis*, 20 Mo. 143. (2) One dealing with a city through its officers is charged with notice of their powers and the legality of its ordinances. *Keating v. Kansas City*, 84 Mo. 415; *Lester v. Baltimore*, 29 Md. 415.

BRACE, P. J.—This is an action to recover the amount of city taxes assessed and paid by plaintiff and

his assignors, in the year 1890, upon their lands situate within the limits of Kansas City, as extended by an ordinance of said city, passed and approved by the legislative department thereof, on the fourth day of December, 1889, in pursuance of an act of the legislature, approved March 10, 1887, (Session Acts, 1887, p. 42), which ordinance, and the legislative provisions in said act authorizing it, was held by this court to be unconstitutional and void in the case of *City of Westport v. Kansas City*, 103 Mo. 141, decided on the nineteenth of January, 1891. The judgment of the court below was for the defendant, and the plaintiff appeals. The facts are agreed to.

Prior to the extension, the lands of the plaintiff and his assignors were without the limits of the city, and not subject to taxation for city purposes, and the extension being illegal and void the taxes thus assessed and paid were illegal. Nevertheless, they were willingly paid and expended, with the other city taxes, for the common benefit of all the citizens of the municipality who owned property within the extended limits. The counsel for appellant frankly concedes that they can not be recovered, unless they were paid either under a mistake of fact, or under a mistake of law mixed with a mistake of fact. We as frankly confess our utter inability to discover where any mistake of fact comes into this case. The city authorities levied and collected this tax under the belief that the ordinance extending the city limits, and the statutes authorizing such ordinance, were legal and binding. It is not pretended that the plaintiff or his assignors were ignorant of the statute or of the ordinance passed in pursuance thereof, or of the fact that their lands were within the extended limits, or of any other material fact affecting the validity of these taxes; on the contrary they paid these taxes for precisely the same reason that the city author-

ities were induced to levy them—because they believed that the ordinance extending the city limits and the statute authorizing the same were legal and binding. In this they were mistaken, simply because of the fact "that section 41 of the act of the legislature of March 10, 1887, is void, in so far as it attempts to give cities adopting charters for their own government the power to extend their corporate limits without submitting the proposition to the voters of such cities; and that the ordinance in question, based upon the authority of that section of the act of 1887, is also void," as we held in *City of Westport v. Kansas City, supra.* This was a mistake as to the force and effect of the statute and ordinance, purely a mistake of law, unmixed with any mistake of fact, and the plaintiff can not recover. The judgment of the circuit court is affirmed. All concur.