Robins v. Latham.

ROBINS, *Appellant*, v. LATHAM.

Division Two, June 2, 1896.

1. **Taxes**: ILLEGAL DISBURSEMENT: INJUNCTION: DAMAGE. A petition by a taxpayer praying that the disbursement of taxes be enjoined, because illegally levied and collected, must state the amount of taxes paid by him, as, to entitle him to relief, he must show substantial and serious damage and not a mere technical and inconsequential injury.

2. **Injunction**: PRACTICE. Relief by injunction is not controlled by arbitrary and technical rules, but the application for its exercise is addressed to the conscience and sound discretion of the court and must be seasonably made.

3. **Taxes, Return of**: PRACTICE. A taxpayer is not entitled to have taxes voluntarily paid by him returned and the allegation that he paid them under protest is insufficient; he must show a seizure of his property or a threat to do so and that it could only be escaped by payment.

*Appeal from New Madrid Circuit Court.*—HON. H. C. RILEY, Judge.

AFFIRMED.

*Robert Rutledge* and *W. H. Miller* for appellant.

(1) *First.* Section 6669 and the following, Revised Statutes of 1889, provides what territory may be organized into a levee district by the county courts in the several counties and the method to be pursued in procuring said organization; the qualification of the members of the levee board, etc. Each of the provisions of said section is negatived by the petition. The petition charges in substance the failure to comply with any of the regulations required by the statute preliminary to the organization of the levee district; and hence the district was in fact without power to act.

*Second.* Such an organization as a levee district was unknown until created by statute, and it being a creature of the statute the condition therein designated and the method of organizing must be strictly pursued. Section 6677 makes the county treasurer the treasurer of the levee board; hence he is made defendant in this proceeding. The formation of levee districts is purely statutory. Hence if not carried out strictly the county courts have no jurisdiction and their acts are *coram non judice.* Levee districts may be formed at any regular term of the county court after notice. In the case at bar the petition charges that no notice was given. R. S. 1889, sec. 6671. County courts are only the agents of the county, with no powers except those granted, defined and limited by law, and like all other agents they must pursue their authority strictly and act within the scope of their power. *Stein v. Franklin Co.*, 49 Mo. 169. (2) This suit is properly brought in the name of any taxpayers whose rights may be affected by the illegal diversion of the fund complained of. *Newmeyer v. Railroad*, 52 Mo. 81. Injunction lies on suit of a taxpayer to restrain any illegal diversion of public funds, which municipal officers in charge of the funds are about to make. *Black v. Ross*, 37 Mo. App. 250; *Ranney v. Bader*, 67 Mo. 476; *Ruly v. Schoen*, 54 Mo. 207. Chancery has jurisdiction to enjoin public officers who are proceeding illegally and improperly under a claim of right, to the injury of private property, or when it is necessary to prevent a multiplicity of suits. *M. & H. R. R. Co.*, 6 Paige, 83. At the suit of a taxpayer a town treasurer was enjoined from paying out moneys collected by him in an official capacity. *State v. Kisbert*, 21 Wis. 387. (3) In the case at bar there is no adequate remedy at law, and if there was it would result in a multiplicity of lawsuits; hence the remedy sought is the proper and only avail-

able one. *Sedalia Brewery Co. v. Sedalia Waterworks*, 34 Mo. App. 49; *Towne v. Bower*, 81 Mo. 491; *Harris v. Board*, 22 Mo. App. 462; *McPike v. West*, 71 Mo. 199.

*R. B. Oliver* for respondent.

(1) Injunction will not lie when there is an adequate remedy at law. This is a well established rule and hardly needs a citation to support it. High on Injunction [2 Ed.], sec. 28, p. 24. Also secs. 486, 487, 488, and cases cited. (2) The bill avers that appellant paid the tax, but "under protest." The bill is silent as to how he protested. No reason is disclosed for doing so. He does not inform the court what was done by the collector that induced him to protest. He does not say that his property was seized, or levied upon, or was about to be sold by the collector. *First*. This "protest" must have been a voluntary payment as there is no allegation of seizure or sale or threatening of doing either. *Claflin v. McDonaugh*, 33 Mo. 412; *Wolf v. Marshall*, 52 Mo. 167. *Second*. Equity will not restrain an act, the doing of which could work no substantial injury to the complainant. *Dickhaus v. Olderheider*, 22 Mo. App. 76. *Third*. General averments and conclusions will not do. The facts should be affirmatively shown in the bill. High on Injunction, sec. 490.

BURGESS, J.—This is an appeal from the judgment of the circuit court of New Madrid county, sustaining a general demurrer to plaintiff's petition.

Omitting the caption the petition is as follows:

"The plaintiff herein, first having obtained leave of court, filed this, his amended petition, and for cause of action says that he sues for himself and others

similarly situated within the limits of the territory hereinafter designated.

"For their cause of action these plaintiffs say that at the August term, 1892, of the county court of New Madrid county, Missouri, there was presented to the county court as aforesaid a petition, as plaintiff is informed and believes, asking that the townships of Lessieur and Portage in said county be formed into a levee district in conformity with the provisions of section 6669, of the Revised Statutes of 1889.

"That said petition was fatally defective and conferred on said court no jurisdiction to act, in that it was not signed by a majority of the taxpaying citizens of said township, in that there was no notice given of the intention to present said petition, as by law required, and in that the territory sought to be organized into a levee district was not composed of overflowed or submerged real estate.

"That upon the presentation of said pretended petition, as aforesaid, and without notice to the parties in interest, the county court, while without jurisdiction to act in that behalf, pretended and attempted to, by its order of record, organize said territory into a levee district. That said pretended order is void and of no effect, for the reason that said court had no jurisdiction to act in the premises.

"That by said pretended order the county court, as aforesaid, designated and attempted to appoint J. J. Williams, John C. Huffman, and J. F. Girvin a board of directors for said pretended levee district. That said levee board so designated and appointed were without any authority in law to act, and all its pretended acts were in law void and of no effect.

"That, notwithstanding they had no legal existence or authority in that behalf to act, the said pretended levee board, so as aforesaid created and appointed,

undertook to levy a tax of two and one half mills on the dollar on all of the taxable property within the territorial limits aforesaid, to defray the expenses of a survey or pretended survey. That, in pursuance of said illegal and void action of said pretended board, the clerk of the county court of New Madrid county as aforesaid extended on the tax books of said county the levy as aforesaid made. That the collector of the revenue of said county collected the tax so extended and has conveyed the fund so collected into the county treasury. That the defendant is the treasurer of said county and as such acting as the treasurer of said pretended levee district and in that capacity is now sued.

"That this plaintiff and others similarly situated paid said tax under protest. That plaintiff is a resident taxpayer of said pretended levee district and is a large landowner therein. That the great bulk of his realty and of those in whose behalf this suit is instituted is not submerged or overflowed land and can not under the law be included in a levee district. That notwithstanding this fact all of their said land indiscriminately is included and made to bear a part of the pretended tax so as aforesaid levied and collected.

"That said pretended action of the county court and of its creature, the pretended levee board, is void and in contravention of the provision of section 20, article 2, of the constitution of the state of Missouri, in that it seeks to take and appropriate private property for private use without compensation. Said pretended action is likewise void and of no effect for the further reason that it is in contravention of section 1 of article 10 of the constitution of Missouri, in that it seeks to confer upon said levee board the power of taxation.

"That said pretended levee board, nor none of them, ever took and subscribed the oath of office, as provided and required by the law under which they

were pretending to act.    That said board has been suc-
ceeded by what is known as the board of directors of
the 'St. Francois Levee District of Missouri,' who are
now claiming the right to appropriate and use said
money so as aforesaid illegally and unlawfully levied
and collected.    That no survey of said levee was ever
made.    That said levee directors, claiming the right
and in violation of the law, threaten to draw warrants
and have drawn warrants against said fund so illegally
and unlawfully collected.    That unless restrained and
enjoined from so doing this defendant as aforesaid will
honor and pay said warrants, to the great and irrepa-
rable damage of complainant.    That said warrants are
drawn not to defray the expenses incident to a survey,
as contemplated by law, but for a foreign and ulterior
purpose, to wit, the pay of officers of said pretended
board.

"Plaintiff says that he is without any relief other
than through the medium of a court of equity.    The
plaintiff therefore prays an injunction, restraining the
illegal action of the treasurer in paying out said funds
on the illegal warrants so as aforesaid drawn, and that
said officer be restrained and enjoined from paying out
said money.    And for all proper orders."

Admitting all material allegations in the petition,
which are well pleaded, to be true, there are a number
of insuperable barriers in the way to the relief which
plaintiff asks.    The suit seems to be prosecuted on the
idea that the law under which the taxes were collected
is absolutely null and void, as well, also, as everything
that was done thereunder, and therefore plaintiff, and
all other persons who paid taxes which were assessed,
levied, and collected in pursuance of said law, are en-
titled to injunctive relief against the defendant, who has
such moneys in his hands in his official capacity, to

prevent him from paying out the same upon warrants drawn by the board of directors of said levee district.

One of plaintiff's contentions is that to pay out the moneys thus collected, upon warrants so drawn by the levee board in payment of the officers of said board for their services, which said defendant is about to do, would be a misapplication or diversion of the funds, and without authority of law.

Section 6693, Revised Statutes, 1889, provides for the payment per day of each director of the board of said levee district, and the following section provides for the payment of the engineer appointed by said board, while section 6675 provides by whom, and the manner in which, all warrants shall be drawn, so that there is no force in this contention, and plaintiff is not entitled to relief unless he is in position to contest the legality of the law, and the proceedings thereunder by which the taxes were levied and collected.

In deciding the case it will not be necessary to pass upon the validity of the law, nor the proceeding thereunder by which the taxes in question were assessed, levied, and collected, because, from our standpoint, we deem it wholly unnecessary, for the very obvious reason that plaintiff is not in position to raise any such questions.

The petition contains no allegation as to the amount of taxes paid by plaintiff, and it is not enough that a nominal injury be apprehended *in order* to entitle him to this peculiar and extraordinary remedy. It is not controlled by arbitrary and technical rules, but the application for its exercise is addressed to the conscience and sound discretion of the court and must be seasonably made.

In *Bigelow v. Hartford Bridge Co.*, 14 Conn. 565, it was held that, to authorize an interference by injunction, there must not only be a violation of the

plaintiff's rights, but such a violation as is, or will be, attended with substantial and serious damage, and not merely a technical or inconsequential injury.. See, also, *Bassett v. Company*, 47 N. H. 426.

As the petition fails to show any substantial injury to be apprehended by plaintiff he is not entitled to injunctive relief. Nor is he entitled to have the taxes paid by him returned if paid voluntarily.

It is true the petition avers that plaintiff paid said tax under protest, but how or in what way does not appear. The petition in regard to this matter, as in respect to many others, avers merely conclusions of law rather than statements of facts.

With respect to what constitutes duress we quote the following from *Claflin v. McDonough*, 33 Mo. 412: "To constitute duress there must be a seizure of the property or arrest of the person, or a threat or attempt to do one or the other, or facts must be stated which tend to show, or which warrant the conclusion, that such an arrest or seizure could be avoided only by the payment of the tax demanded." See, also, *Smith v. Readfield*, 27 Me. 145; *Mayor, etc., v. Lefferman*, 4 Gill. 425; *Mays v. Cincinnati*, 1 Ohio St. 268.

So in *Sheldon v. School District*, 24 Conn. 88 (at p. 92), it is said: "It stands on no higher ground than it would if the plaintiff, when the tax was demanded of him by the collector, had said to him, I know your tax is illegal and void; I am under no obligation to pay it, but I shall pay it under protest, and with an intention to sue for and recover it. All the authorities agree that money, paid under such circumstances, can not be recovered."

From all that appears from the petition, plaintiff was fully advised of all the facts with regard to the assessment, and levy of the tax, at the time he paid the same, and in the absence of affirmative allegations

showing that he paid it under duress, he is not entitled to have it returned to him although it may have been collected without authority of law.   *Wolfe v. Marshal*, 52 Mo. 167.

From these considerations, it follows that the judgment must be affirmed.   It is so ordered.   GANTT, P. J., and SHERWOOD, J., concur.