THOMAS M. STRICKLAND, P. W. SESSIONS, H. B. WORDE-
HOFF, D. L. CRUM AND OLIN S. WRIGHT, *Appellants,*
v. ANDREW J. KNIGHT, DANIEL J. GALVIN, B. O.
BRANCH, CHARLES B. WARE AND J. D. POLLARD, AS
COUNTY COMMISSIONERS OF HILLSBOROUGH COUNTY,
FLORIDA, *Appellees.*

1. When the board of county commissioners grants a permit for
the sale of intoxicating liquors, wines or beer in an election
district where such sale would be unlawful, the permit is in-
operative, and a license issued thereon by the tax collector is
void, and sales under the permit and license are violations of
the criminal laws of the State.

2. An injunction restraining the board of county commissioners
from illegally granting a permit for the sale of liquors, wines
and beers in a precinct or election district where, under the
local option laws of the State, such sale is unlawful, is properly
dissolved when no ground of equitable jurisdiction is shown
in the bill.

3. If the illegal sale of intoxicating liquors, wines or beer may under
any circumstances become a public nuisance, the illegal grant-
ing by the board of county commissioners of a permit for such
sale can not be restrained by injunction at the suit of individuals
in the absence of a showing of special or particular injury to
such individuals that is not common to the public in the same
locality.

4. Allegations that the complainants are citizens, residents, tax
payers and qualified electors of a peaceful, prosperous and pro-
gressive incorporated town, that the introduction of a saloon
for the sale of liquors, wines and beers therein would be a
serious detriment to the morals of the community, would inter-
fere with the peace and prosperity thereof, and would neces-
sitate the increase of taxation to maintain a larger police force,
and that the moral and financial injury that the complainants
and the community at large would thereby sustain would be
of a serious and irreparable nature, without a showing of
special or particular injury to the complainants not common to
the public in that community, or other ground for equitable
intervention, do not give the complainants a right to an in-
junction to restrain the granting by the board of county com-
missioners of a permit for the sale of intoxicating liquors,
wines or beer in such town, though it be further alleged that

under the local option laws of the State the sale of liquors, wines and beers has been prohibited in the precinct or election district in which such town is situated.

5. When the allegations of a bill brought by individuals for an injunction to restrain the board of county commissioners from illegally granting a permit for the sale of liquors, wines and beer in a precinct or election district in which such sales are prohibited by law, do not show any special or particular injury to result to the complainants not common to the public in that community, or other ground for equitable intervention, a temporary injunction granted thereon is properly dissolved.

This case was decided by the court *En Banc.*

Appealed from the Circuit Court for Hillsborough county.

The facts in the case are stated in the opinion of the court.

*Donald C. McMullen* and *Victor H. Knight* for appellants.

*John P. Wall* for appellees.

WHITFIELD, J.—On January 8, 1903, the appellants as complainants filed a bill in chancery in the Circuit Court for Hillsborough county in which it is alleged that in the year 1887 an election was held in Hillsborough county, Florida, as provided for by Article XIX of the constitution of Florida and the statutes thereunder; that the result thereof was declared by the county commissioners to be in favor of the sale of liquors in said county, but that precinct No. 19 which was then established, was not one of the precincts in which permits to sell liquors, wines and beers could be issued by the board of county commissioners; that the defendants as the board of county commissioners of Hillsborough county, will, unless enjoined, grant to George E. Faison a permit for the sale of liquors, wines and beers in said precinct No. 19.

There were other allegations in the bill, but only those necessary to be considered will be referred to in this opinion.

The bill prayed, among other things, that an injunction issue against the defendants as county commissioners restraining and enjoining them from granting any permit to sell liquors, wines and beers to the said George E. Faison in the said precinct No. 19, and for general relief.

On January 7, 1903, the court made an order that the defendants "as county commissioners for the county of Hillsborough are hereby enjoined and restrained from granting to George E. Faison a permit to sell liquors, wines and beers for precinct No. 19, until the further order of this court." The complainants were required to give the usual bond.

On January 23, 1903, the defendants filed a demurrer; among others were the grounds that the bill of complaint does not set forth such a state of facts as to give to a court of equity any jurisdiction of said cause, and that the bill shows upon its face that there is a full, adequate and complete remedy at law.

On January 28, 1903, the judge of the Sixth Circuit being absent from the State, application was made by the defendants to the judge of the Fourth Circuit for a dissolution of the injunction upon which application the following decree was made: "It is ordered, adjudged and decreed that there is no equity in said bill of complaint and that the temporary restraining order heretofore granted herein be and the same is hereby vacated." From this decree the complainants took an appeal to the June term, 1903, of this court. The errors assigned are (1) the dissolving of the temporary injunction or restraining order on the ground that there was no equity in the bill, and (2) the adjudging and decreeing that there is no equity in the bill.

If a legal election was, under the local option provisions of the constitution and statutes, held in Hillsborough county, and it resulted in a majority of the votes cast in

precinct No. 19 of said county being against the sale of intoxicating liquors, wines or beer in said precinct or election district, and no local option election had since been held in the county, a permit granted by the board of county commissioners for such sale in said precinct or election district would be inoperative (*Butler v. State*, 25 Fla. 347, text 355, 6 South. Rep. 67; *Bonacker v. State ex rel. Mc-Farlane*, 42 Fla. 348, text 353, 29 South. Rep. 321), and would confer no authority upon the tax collector to issue a license. *State ex rel. Norman v. D'Alemberte*, 30 Fla. 545, 11 South. Rep. 905.

If a permit be unlawfully granted by the board of county commissioners and used in procuring a license for the sale of intoxicating liquors, wines or beer in an election district where such sale is prohibited, and such sales are made thereunder, the party so selling or causing to be sold, would be subject to the penalties prescribed in the criminal statutes of the State. 17 Am. & Eng. Ency. Law (2nd ed.) 331; *State v. Moore*, 1 Jones' Law (N. C.) 276.

Tested by these rules of law the case sought to be made by the bill is simply this: that the county commissioners are about to do an illegal act by granting a permit to sell intoxicating liquors in a precinct where such sales are prohibited by law, which permit, if granted, would be absolutely void and would not authorize the sale of intoxicating liquors, or the issuance of a license for such sale; nor would it protect the holder from criminal prosecution if he does make such sales. The illegality of the act sought to be enjoined is clear, but that fact alone does not authorize an injunction, even against public officers, for chancery courts will not enjoin an unlawful act in the absence of allegations showing some distinct ground of equity jurisdiction. *Pike County Dispensary v. Mayor and Councilmen of Brundige*, 130 Ala. 193, 30 South. Rep. 451; *In re Debs*, 158 U. S. 564, text 593, 15 Sup. Ct. Rep. 900; *Port of Mobile v. Louisville & Nashville R. R. Co.*, 84 Ala. 115, 4 South. Rep. 106; *Shivery v. Streeper*, 24 Fla. 103, 3 South. Rep.

865; *State ex rel. Circuit Attorney v. Uhrig,* 14 Mo. App.
413.

The allegations of the bill as to the injury to result to
the complainants from the granting by the defendant county
commissioners of a permit to sell liquors, wines and beers in
precinct No. 19, are as follows: That complainants are resi-
dents of the town of Plant City in Hillsborough county,
Florida, and reside within the political division of said
county known as precinct No. 19, and are tax payers and
qualified electors in the said town and county; that com-
plainants as tax payers of the town of Plant City in the
State and county aforesaid, allege that the same is a peace-
ful, prosperous and progressive town, and that the intro-
duction of a saloon for the sale of liquors, wines and beers
therein would be a serious detriment to the morals of the
community; that it would interfere with the peace and
prosperity thereof; that it would necessitate the increase
of taxation to maintain a police force sufficient to suppress
the increased lawlessness resulting from the introduction
of such demoralizing influence as a saloon for the sale of
liquors, wines and beers would be, and thereby increase the
taxes of complainants, and that the moral and financial
injury that complainants *and the community at large* would
sustain would be of a serious and irreparable nature.

Individuals can not have relief in equity against even
an admitted public nuisance unless they make a case of
special and particular injury to themselves. They must
sustain an injury not common to the public. The gist of
the action, the *gravamen* of the complaint, should be the
special and particular injury. For the common injury there
can be no redress save by some authorized action in behalf
of the people. *Garnett v. Jacksonville, St. Augustine and
Halifax River Railway Co.,* 20 Fla. 889, text 902; *Jackson-
ville, T. & K. W. Ry. Co. v. Thompson,* 34 Fla. 346, text
351, 16 South. Rep. 282; *Cannon v. Merry,* 116 Ga. 291,
— S. E. Rep.—.

Without deciding whether or not unlawfully engaging in the sale of intoxicating liquors, wines or beer constitutes a nuisance, yet if it is conceded to be such, a court of equity under the circumstances of this case will not give the relief asked for here, as no special or particular injury to complainants is shown.

The allegations of the bill assume that if the permit is granted it will constitute authority or color of authority for the establishment of a saloon in the town of Plant City. They assume that if a saloon is opened it will be kept open and conducted indefinitely, thereby becoming a menace to the public morals, peace and prosperity, necessitating increased taxation to maintain a police force sufficient to suppress the lawlessness resulting from the introduction of such a demoralizing influence as a saloon, and causing irreparable moral and financial injury to complainants and the community at large. Even if we admit the correctness of these assumptions and that the saloon so established will be a public nuisance, we have no statute authorizing individuals to enjoin such a nuisance; and, therefore, we must be governed by the general doctrines of equity, which, as we have seen, forbid the exercise of such power where the individuals invoking it show no special or particular injury to themselves. The allegations of this bill fail to show any injury not common to the public. Redress for injury common to the public must be had by some authorized action in behalf of the people. *Jacksonville, T. & K. W. Ry. Co. v. Thompson, supra.*

But the matters assumed in the bill are not correct. If it be true that the sale of liquors is prohibited in precinct No. 19, the county commissioners have no authority to grant the permit; if they do in fact grant such permit it is absolutely void; it furnishes no authority or color of authority for a license. Neither the permit nor a license granted under it will constitute authority or color of authority to establish or maintain a saloon. If a saloon is established the party is liable to be prosecuted and punished

at the suit of the State for every sale he may make (see chaps. 4930, 4932, pp. 58, 61, acts 1901), and the town of Plant City may likewise protect itself against such illegal sales by ordinances duly passed for that purpose, under authority granted by chap. 4931, p. 61, acts of 1901. If these remedies are enforced it is not likely that the saloon established by the holder of the permit would become a permanent institution in Plant City, or long remain a menace to the morals, peace and prosperity of the public there.

There is nothing in the case of *Jacoby v. Shomaker,* 26 Fla. 502, 7 South. Rep. 855, inconsistent with these views. An inspection of the transcript in that case shows that the bill was brought against the holder of a license, issued upon a permit granted by the county commissioners in a county where the sale of liquors had never been prohibited, who proposed to open the saloon in an unincorporated town, and the showing as to special injury to complainants was much stronger than in the present case. The court below granted an injunction upon allegations tending to show that the commissioners had granted the permit upon an application therefor that was not in compliance with the law. Upon appeal to this court from the order granting the injunction, a supersedeas was refused, and the cause was afterwards voluntarily dismissed by the appellant. This court did not decide that the bill was well brought, but only that the decree was not palpably erroneous, and that it would require investigation to determine the questions presented for decision, one of which it was admitted involved the right of complainants to invoke the aid of a court of chancery in the premises; but even if it had decided that the bill was well brought in that case, the facts of the two cases are so different we could not regard the former as an authority for the present one.

The temporary injunction or restraining order was properly vacated as no grounds for equitable relief appear in the bill.

This disposes of the appeal without a consideration of other questions.

The decree appealed from is affirmed at the cost of appellants.

SHACKLEFORD, COCKRELL and CARTER, JJ., concur.

TAYLOR, C. J., absent on account of sickness.

HOCKER, J., dissenting.—I can not concur in the opinion of the majority of the court in this case sustaining the decree below holding that there is no equity in the bill. In 1 Spelling on Injunctions and other Extraordinary Remedies, sec. 609, p. 504, it is said: "The general rule governing the jurisdiction in equity against public officers is that equity will interpose in behalf of individuals to restrain all illegal and unauthorized acts by them under color and claim of official authority which tend to impair public rights or will result in irreparable or serious injury to private citizens, or when preventive relief is necessary to prevent a multiplicity of suits." See, also, *Ibid.*, sec. 614; High on Injunctions (3rd ed.) sec. 1308 *et seq; Union Pacific Railroad Company v. Hall,* 91 U. S. 343, text 355; *Lanier v. Padgett,* 18 Fla. 842; *Blanton, Com'r., v. Southern Fertilizing Company,* 77 Va. 335. I have not discovered a case where the foregoing general principle has been applied to such a case as the one at bar, but I know of no good reason why it should not be.

The question whether a court of equity could enjoin the illegal removal of a court house on a bill filed by private citizens and tax payers is one upon which there is conflict of authority, but our court adopted the view that such a power should be exercised, and such tax payers and citizens were proper parties to a bill for such a purpose in *Lanier v. Padgett,* 18 Fla. 842. For a general discussion of the conflicting views of the courts see 3 Pom. Eq. Jur. sec. 1345 and note 3; *Craft v. Commissioners Jackson Co.,* 5

Kan. 518; *Board of Commissioners of Clay County v. Markle*, 46 Ind. 96; *Rice v. Smith*, 9 Iowa 570; *Mayor and City Council of Baltimore v. Gill*, 31 Md. 375, text 393.

The bill in the instant case alleges amongst other things, in substance that complainants are tax payers and residents of the town of Plant City, in precinct No. 19, of Hillsborough county, and that the introduction of a saloon for the sale of liquors would necessitate the increase of taxation to maintain a police force sufficient to suppress the increased lawlessness, and thereby increase the taxes of complainants, and that the resulting moral and financial injury to complainants and the community would be irreparable. The general demurrer admits these allegations to be true. The right of complainants to sue is not questioned by any special ground of demurrer. Furthermore, the bill alleges in substance that in a previous case the Circuit Court of Hillsborough county was induced by a fraud practiced upon it, which is set out in the bill, to hold that the election under which complainants claim their precinct to be a "dry" one, was an invalid election, and that this ruling of the Circuit Court would govern the actions of the county commissioners in the instant case. This is also admitted by the demurrer.

To hold that citizens may enjoin the county commissioners from illegally removing a county site which may involve the former in a little additional expense and trouble, and that they may not enjoin the same commissioners from doing an act tending to a violation of the prohibition laws, thereby involving the citizens in unnecessary and illegal burdens, both financial and moral, would be a logical absurdity. It is no answer to say that the permit of the county commissioners does not authorize the sale of liquor; that the party must go further, pay his money and get a license; because when the permit is granted by the county commissioners, whose sole duty it is to determine whether it should be granted, it is not by law the duty of the officer who receives the money and grants the license to pass upon the

propriety of the act of the county commissioners. He will naturally grant the license and consummate the illegal act, and, as appears from the record of this case, a license has been granted since the filing of the bill for liquor selling in this very precinct and town. I have no doubt that this is always the result.

The only ground upon which prohibition laws can be sustained is that the business of selling intoxicating liquors is essentially and necessarily injurious to the public. As an abstract question there may be a difference of opinion upon this proposition, but when, under such a constitution as ours, the people of a county or precinct have voted to put prohibition in operation they have committed the county or precinct so voting to this view. 1 Tiedman on State and Federal Control of Persons and Property, section 125. It is because liquor selling is recognized as in itself an evil, entailing more or less injury to society, increasing pauperism and crime, requiring additional police supervision, that high license or prohibition is justifiable and constitutional. *Ibid.*, section 119; *State ex rel. Arpen v. Brown,* 19 Fla. 561, text 601; Cooley on Const. Limitations (7th ed.) 849.

It seems to me clear that when the people of a county or precinct have voted into operation the prohibition feature of our constitution, they have important rights involved in the proper enforcement of the prohibition law; among others, the rights that their community shall not be burdened with the crime and pauperism which follow liquor selling, and that they shall not be saddled with the additional expense which additional police supervision involves. These and other rights are, to my mind, patently stated, and patently involved in the instant case. The question whether the acts complained of would be a nuisance, or tend to create one, is not raised in the bill. The word "nuisance" does not occur in it either in the allegations or prayer.

It is my opinion that the citizens of the precinct in question have a right to enjoin the illegal action of the county commissioners tending to a violation of the prohibi-

tion law in their precinct and thereby to the impairment of a constitutional right, and to the infliction of the wrongs and burdens alleged in the bill, and admitted by the demurrer. The fact that the seller may be indicted and convicted for illegal selling is no reason why an injunction should not be granted. The remedy by indictment is not a complete and adequate one, as every one knows who is acquainted with the conditions as they exist. That it is a complete and adequate one is a mere theory, especially so in a case like the one under consideration.

If the bill be defective because it does not allege that the suit is brought on behalf of complainants, and all citizens and taxpayers of the precinct, it was a defect which was amendable, and was not a sufficient ground for holding that it was without equity. In the case of *Jacoby v. Shomaker,* 26 Fla. 502, 7 South. Rep. 855, the allegations as to the parties are similar to those of the bill under investigation. This court evidently did not regard the bill in the Jacoby-Shomaker case as defective, or if defective, as being so defective as to give the court below no jurisdiction. If the bill in the case at bar had been demurred to because of this fact, and the demurrer had been sustained, the bill might have been amended. *Price v. Stratton,* 45 Fla. 535, 33 South. Rep. 644.

I am of opinion that the bill is not obnoxious to a general demurrer for want of equity.

Relief by injunction should not be controlled by arbitrary and technical rules, but the application for its exercise is addressed to the conscience and sound discretion of the court. *Robins v. Latham,* 134 Mo. 466, 36 S. W. Rep. 33; *Hamilton v. Whitridge,* 11 Md. 128, S. C, 69 Am. Dec. 184.