STATE OF MISSOURI, at the Relation of THE H. D. LEE COMPANY, INCORPORATED, an Incorporation, Relator, v. WILSON BELL, Secretary of State of The State of Missouri.—No. 39781.—195 S. W. (2d) 492.

Court en Banc, June 10, 1946.

*Charles M. Blackmar, Henry I. Eager* and *Kenneth E. Midgley* for relator; *Michaels, Blackmar, Newkirk, Eager & Swanson* of counsel.

96

· *J. E. Taylor*, Attorney General, and *Aubrey R. Hammett, Jr.*, for respondent.

HYDE, J.—Mandamus to compel the Secretary of State to file a duly authenticated amendment to relator's articles of incorporation in the State of Kansas, extending its corporate duration for 50 years from December 31, 1944. Refusal was on the ground that relator was required to again pay the same domestication fee or tax (based on capital represented) required for a foreign corporation to obtain an original certificate of authority to transact business in this state.

Relator was incorporated in Kansas, December 31, 1894, for a term of 50 years. It was issued a certificate of authority to transact business in Missouri in 1916. It filed the proper certificate in Kansas to extend its existence on January 22, 1944. (General Corporation Code of Kansas, Laws 1939, pp. 261-264, Sec's. 132-141; Sec's. 17.4301 to 17.4310 Gen. Stat. Kansas 1935, 1939 Supp. pp. 144-146.) On February 1, 1944, it tendered an authenticated copy thereof to the Secretary of State of Missouri with the regular filing fee. Prior to 1943, when our new Corporation Code was adopted (Laws 1943, p. 410, Sec's. 1 to 176; Mo. Stat. Ann. 4997.1 to 4997.176), a foreign corporation was required to obtain a new certificate upon expiration of the time set forth in its original charter. (Sec. 5074, R. S. 1939, Mo. Stat. Ann.) This section provided that "upon the expiration by limitation or forfeiture of the license heretofore issued to a foreign corporation, a new certificate and license may be issued, as in cases of original admission for a period limited in its articles of association." However, this Section was repealed when the 1943 Code was adopted.

Relator contends that there is now no statutory authority for collection of a domestication tax from a foreign corporation for filing a charter amendment extending its corporate duration and that the Secretary of State cannot require it. Respondent contends that relator was only authorized to do business under its 1916 certificate for the time set forth in its original charter (citing Sec. 3039, R. S. 1909 then in force); and argues that when this time expired it was without authority to continue and would be subject to the requirements of Sec's. 96-101 of the 1943 Code (Sec's. 4997.96 to 4997.101 Mo. Stat. Ann.) for original admission.

However, Section 110 of the 1943 Code (Sec. 4997.110 Mo. Stat. Ann.) provides: "Foreign corporations which have been duly authorized to transact business in this State at the time this Act takes effect, for a purpose or purposes for which a corporation might secure such authority under this Act, shall, subject to the limitations set forth in their respective certificates of authority, be entitled to all the rights and privileges applicable to foreign corporations procuring

authority to transact business in this State under this Act, and from the time this Act takes effect such corporation shall be subject to all the limitations, restrictions, liabilities, and duties prescribed herein for foreign corporations procuring under this Act authority to transact business in this State.''

Moreover, Section 106 of the 1943 Code (Sec. 4997.106 Mo. Stat. Ann.) provides: ''Each foreign corporation authorized to transact business in this State, whenever its articles of incorporation are amended, shall within sixty days thereafter file in the office of the Secretary of State a copy of such amendment duly authenticated by the proper officer of the State or country wherein it is incorporated, but the filing thereof shall not of itself enlarge or alter the purpose or purposes which such corporation is authorized to pursue in the transaction of business in this State, nor authorize such corporation to transact business in this State under any other name than the name set forth in its certificate of authority.''

Furthermore, although the part of Section 5074, concerning the domestication tax on original admission of a foreign corporation, was reenacted in Section 101 of the 1943 Code (Sec. 4997.101 Mo. Stat. Ann.) there was no reenactment of part of Section ■■■ 5074 requiring a new certificate and tax upon extension of its corporate duration. Section 108 of the 1943 Code (Sec. 4997.108 Mo. Stat. Ann.) does require an amended certificate if a foreign corporation authorized to transact business in this state changes its name or desires ''authority to pursue in this state other or additional purposes than those set forth in its prior application''; but, even in this case, payment of the domestication tax for original entry is not required. These sections establish new methods for changing or extending powers of foreign corporations and in none of them is the previous requirement of Section 5074 (''a new certificate . . . as in cases of original admission'') required.

Respondent argues that relator was subject to a limitation within the meaning of Section 110, supra, because Section 3039, R. S. 1909, under which it was admitted, contained the provision that it was ''entitled to all the rights and benefits of the laws relating to foreign corporations for the time set forth in its original charter, unless this shall be for a greater length of time than is contemplated by the laws of this state, in which event the duration shall be reckoned from the date of its incorporation to the limit of time set out in the laws of this state.'' However, this limitation was repealed by the very act which put into effect Section 110, before relator's corporate duration expired under its original charter in Kansas. It also got an extension there of its existence before this original duration period expired; and Section 106, supra, only requires the filing of amendments to the articles of incorporation of a foreign corporation. Can such a repealed statute remain a limitation after its repeal, when other methods

for continuation have been substituted for it? In short, is such a repealed limitation still a limitation?

We think that the whole history of this legislation shows that it cannot be and that the legislative intent was that it should not be. Prior to 1879, manufacturing and business corporations organized in this state were limited to 20 years duration. (Gen. Stat. Mo. 1866, p. 367, Sec. 2, Chap. 69, enacted to comply with Sec. 4, Art. VIII, Const. of 1865, requiring corporations to be organized under general laws.) This was increased to 50 years in 1879. (Sec. 926, R. S. 1879.) This limitation continued until 1927 when perpetual existence was authorized. (Laws 1927, p. 387, 1. c. 393; Sec. 4933, R. S. 1929; Sec. 5338, R. S. 1939.) By another Act in 1931 (Laws 1931, p. 297; Sec. 5012, R. S. 1939) any existing corporation was authorized "to have its corporate existence changed to any stated period or perpetual." The tax on corporations organized in this state (based on amount of capital) was imposed by Sec. 21, Art. X of the Constitution of 1875; but was not imposed on foreign corporations until 1891. (Laws 1891, p. 75; Sec. 1025, R. S. 1899.) When perpetual charters were authorized in 1927, the limitation on licenses to foreign corporations to 50 year (stated in the 1891 Act and Section 3039, R. S. 1909) was likewise removed so that foreign corporations with perpetual charters could have perpetual licenses in this state. (Laws 1927, p. 387, 1. c. 391; Sec. 5074, R. S. 1939.) There was no change, however, prior to 1943, in the policy of requiring another tax (based on capital) when corporate existence was extended; and this requirement applied to all corporations alike (foreign or domestic) which did not have perpetual existence.

In 1885, when charters of companies organized under the 1866 Laws were about to expire, the legislature had provided authority for continuing corporate duration but required payment again of the same amount of tax as upon original organization. (Laws 1885, p. 80, Sec. 2509, R. S. 1889; Sec. 5031, R. S. 1939.) This section continued without amendment until repealed by the 1943 Act. Sections 55-58 of the 1943 Code (Sec's 4997.55-4997.58 Mo. Stat. Ann.) now authorize a domestic corporation to change its period of duration by amending its articles of incorporation without payment again of the original organization tax. However, it must pay an additional tax upon any increase of its corporate stock (Sec. 113, 1943 Act, Sec. 4997.113 Mo. Stat. Ann.); and foreign corporations are likewise required to pay such an additional tax upon any increase in the proportion of its stock represented by property located and business transacted in this state by Sec. 106, 1943 Act. (Sec. 4997.106 Mo. Stat. Ann.) We think that the reasonable construction of these provisions is to authorize all corporations to extend duration by the same charter amendment method. Thus foreign and domestic corporations have been placed on the same basis by the 1943 Act both as to payment of

100

tax upon beginning business, and upon increase of capital, and as to not being required to pay an additional tax upon extension of duration. This was undoubtedly the intention of the 1943 Act, since foreign and domestic corporations were previously upon the same basis of both being required to pay the tax upon extension of duration. This construction likewise eliminates all inequality as to payment of such taxes as between corporations (whether domestic or foreign) with perpetual existence and those of limited duration. We, therefore, hold that relator is not required to pay another domestication tax to file its charter amendment of extension of duration.

It is ordered that our peremptory writ of mandamus be issued. All concur.