**MANUFACTURER'S CASUALTY INS. CO.,**
a Corporation, Respondent,

v.

**KANSAS CITY, Missouri, a Municipal Corporation, Appellant.**

No. 23010.

Kansas City Court of Appeals.

Missouri.

Dec. 7, 1959.

———◆———

Richard H. Koenigsdorf, Maurice E. Benson, L. B. Saunders, Kansas City, for appellant.

Donald G. Stubbs, McKenzie, Williams, Merrick, Beamer & Stubbs, Kansas City, for respondent.

HUNTER, Judge.

This is an appeal by the City of Kansas City from a judgment for $1,748.00[1] in favor of Manufacturer's Casualty Insurance Company, respondent, on its claim for refund of taxes paid under an admittedly invalid ordinance.[2] The judgment was obtained as a result of a suit filed May 31, 1955.

The sole question presented is whether respondent's payments of the taxes were voluntarily or involuntarily made.

The parties tried the case to the court upon their written stipulation of facts in which they agreed that:

(1) During the years 1950 through 1955 the city assessed against respondent and respondent paid a total of $1,748 occupational taxes for certain independent insurance agencies which sold respondent's policies of insurance. In addition respondent paid an annual occupational tax assessment of $100 for itself.

(2) These mentioned assessments of $1,748 were invalid as they were based on an invalid ordinance.

(3) By appellant city's ordinance a separate license was required for each place of business. Certain other ordinances of appellant in full force and effect at all times in question, made it a misdemeanor to do business without a license and provided punishment for a violation by a fine up to $500, imprisonment up to 12 months, or both. Each day's violation constituted a separate offense.

(4) Respondent has demanded refund of the $1,748 taxes and the city refuses to refund.

Concerning the subject of voluntariness, respondent alleged in its petition that it paid the $1,748 tax "involuntarily and under protest." Appellant specifically denied this in its answer. In their stipulation of facts the only mention of this subject by the parties is as follows: "During the years 1950 through 1955 plaintiff (respondent) made additional payments as demanded by defendant (appellant) for license taxes in behalf of independent agencies who were

---

1. The parties agree that the judgment was mistakenly entered at $1,848, and that the correct amount is $1,748.

2. See, Kansas City v. Travelers Insurance Co., Mo.App., 284 S.W.2d 874.

authorized to write insurance with plaintiff. These payments were made as assessed by the defendant and no formal protest of payment was ever entered. The payments so made on behalf of independent agencies are as follows:

| "Date | Agent for which Assessment was made | Amount |
|---|---|---|
| 1950–51 | Housh Insurance Agency | $200.00 |
| 1950–51 | H. L. Sachs Insurance Agency | 200.00 |
| 1950–51 | Lovelace-Simmons Insurance Agency | 200.00 |
| 1950–55 | Altman-Singleton Insurance Agency | 612.00 |
| 1950, 51, 55 | Bennett Shute Insurance Agency | 312.00 |
| 1955 | Roy E. Daly | 112.00 |
| 1955 | Planco Agency | 112.00" |

■ The general rule is that a person who has paid a license fee or tax based on an invalid statute or ordinance cannot recover the amount paid if the payment was made voluntarily with full knowledge of the facts. State ex rel. S. S. Kresge Co. v. Howard, 357 Mo. 302, 208 S.W.2d 247–250; 53 C.J.S. Licenses § 57, p. 701; 33 Am.Jur., Licenses, Section 88, page 396; Annotations, 84 A.L.R. 294; 64 A.L.R. 9; 48 A.L.R. 1381.

■ However, if the payment of the tax to the municipality is deemed involuntary, the amount of the tax may be recovered in an appropriate action.[3] State ex rel. S. S. Kresge Co. v. Howard, supra; St. Louis Brewing Ass'n v. City of St. Louis, 140 Mo. 419, 37 S.W. 525; State ex rel. American Manufacturing Co. v. Reynolds, 270 Mo. 589, 194 S.W. 878; 51 Am.Jur., Taxation, section 1167; 53 C.J.S. Licenses § 57(1).

The difficulty ordinarily arises in determining whether the payment was voluntary or involuntary. The more recent cases on the subject are increasingly liberal in determining what is duress or compulsion so as to allow the tax to be recovered as involuntarily paid. See Brink v. Kansas City, 355 Mo. 860, 198 S.W.2d 710; Standard Oil Co. v. City of Moberly, Mo.Sup., 33 S.W.2d 157; Simmons Hardware Co. v. City of St. Louis, Mo.Sup., 192 S.W. 394; State ex rel. American Manufacturing Co. v. Reynolds, supra; Mississippi Valley Trust Co. v. Begley, 298 Mo. 684, 252 S.W. 76; 45 Harv.L.Rev. 501, 512 ff.

■ Regardless of the liberalizing of the concept of what constitutes duress, according to the cases in this state it is still necessary that the taxpayer, upon whom the burden of proof rests, show that the payment was made involuntarily. See State ex rel. S. S. Kresge Co. v. Howard, supra, and other Missouri cases cited herein.

■■ The weight of authority is to the general effect that a payment of taxes, with knowledge of all the facts, is not rendered involuntary by the fact that it was paid in the mistaken belief that the statute or ordinance under which it was levied was valid. The general rule, as sometimes stated, is that in the absence of a statute to the contrary, a person who has paid a license fee or tax which is illegal or in excess of the sum which might lawfully be exacted cannot recover back the amount paid or the illegal excess, if the payment was made

---

3. Absent legislation authorizing the refund of illegally collected taxes, the enforcement of a refund may not be had against the *state*. Kleban v. Morris, 363 Mo. 7, 247 S.W.2d 832.

voluntarily with full knowledge of the facts, although it was made in good faith, through a mistake or in ignorance of the law, unless the recovery is permitted by an agreement entered into at the time the payment was made. See Annotations, 48 A. L.R. 1382; 64 A.L.R. 9, 33; 84 A.L.R. 294; 53 C.J.S. Licenses § 57b(1), p. 701; Mercury Machine Importing Corp. v. City of New York, 3 N.Y.2d 418, 165 N.Y.S.2d 517, 144 N.E.2d 400; Davis v. City & County of Denver, 120 Colo. 186, 207 P.2d 1185; Security National Bank of Watertown, S. D. v. Young, 8 Cir., 55 F.2d 616, 84 A.L.R. 100.

The most recent case in this state on this subject is the Kresge case, supra. The facts in that case were that the taxpayer was incorporated in Michigan for a duration of 30 years and was licensed to do business in Missouri where it operated a number of retail stores. Before its charter expired it amended its articles of incorporation to extend its corporate duration for an additional 30 years, and presented a copy of the amendment to the Secretary of State of Missouri for filing in order to obtain a renewal of its certificate of authority to do business in Missouri. The Secretary of State refused to issue such a certificate until the taxpayer paid the domestication tax in the same amount required if it were seeking an original qualification to do business in Missouri. Taxpayer then paid this tax. A few months later our Supreme Court handed down a decision, State ex rel. H. D. Lee Co., Inc. v. Bell, 355 Mo. 94, 195 S.W.2d 492, holding a foreign corporation was entitled to such a certificate without being required to pay the domestication tax. The taxpayer attempted to obtain a refund but was refused. The General Assembly then appropriated out of the State Treasury the tax amount to be paid to taxpayer. The Supreme Court in its decision addressed itself to the question of whether the tax had been paid involuntarily, for if it had not been paid involuntarily the taxpayer would not be entitled to

a refund and the legislative appropriation would be invalid.

Judge Douglas writing for the court en banc said, 208 S.W.2d loc. cit. 250:

"On grounds of public policy, the law discourages suits for the refund of taxes illegally levied and collected, and has imposed many restrictions on their recovery. It is generally held that taxes voluntarily paid without compulsion, although levied under an unconstitutional statute, cannot be refunded without the aid of a statutory remedy. 51 Am.Jur. Taxation Sec. 1167.

"But here we have no general statute authorizing the refund of a domestication tax illegally exacted. Nevertheless, under the common law if the payment of a tax is deemed involuntary, a tax which is unlawfully collected may be recovered back by appropriate action. 51 Am.Jur. Ibid. Here we have a tax which was unlawfully collected under the express ruling of the H. D. Lee case. So the only question as to the common law right of a relator to a refund is whether the payment of the tax was voluntary or involuntary.

"The tax was not paid under protest. Even so, that fact, does not determine whether it was paid voluntarily or involuntarily and has little or no weight on the question. See Annotations 64 A.L.R. 26, 84 A.L.R. 295; Robins v. Latham, 134 Mo. 466, 36 S.W. 33.

"In Couch v. Kansas City, 127 Mo. 436, 30 S.W. 117, we followed the prevailing rule that a voluntary payment of a tax made under a mistake of law but with a full knowledge of all the facts cannot be recovered. However, courts are now taking a more liberal view as to whether certain types of taxes are ever in fact voluntarily paid since the urgent and immediate payment of them is compelled in order to

avoid the harsh penalties imposed for nonpayment. The compulsion brought about by such penalties creates what the writers have termed technical or implied duress sufficient to make the payment of such taxes involuntary. We adopted the modern view of greater liberality in recognizing such duress in tax payments in Brink v. Kansas City, 355 Mo. 860, 198 S.W.2d 710, where we declined to follow the stricter view of some of our earlier decisions.

"And even more to the point in this case this court has held that the payment of a tax in order to avoid the forfeiture of the payor's right to continue in business 'constituted such duress as would render the payment of the tax involuntary.'"

It might be suggested that there is a factual difference in the case before us and the Kresge case in that in the Kresge case the taxpayer without tendering any tax money (indicative of its belief it did not owe any tax) had requested the certificate authorizing it to continue in business and had been turned down. Taxpayer thus was faced with the forfeiture of its business life unless it paid the tax, and it did so.

In the case before us under the stipulation of facts, the taxpayer did not protest or otherwise indicate any belief it did not owe the tax at the time it paid the tax. Nor did it indicate the converse. We are left to speculate as to which was the situation, even though respondent taxpayer had the burden of proof to show the involuntariness of the payment. However, in either event the language of the Kresge case, as we read it, holds the taxpayer is entitled to recover the invalid tax payments.

Accordingly, the judgment of the circuit court is affirmed.

All concur.